these cases favorable to that as a legal principle applicable to this controversy. But in neither of those cases was the point presented, as it has been by this .appeal, whether the notes, in and of themselves, without any agreement for the extension of the indebtedness, would be entitled to that effect. What they contained was no more than promises to pay the indebtedness which had .accrued, and become due before they were given, at future periods of time. No new consideration passed between the parties, by or for which the plaintiffs became bound to give this extension for the payment of their debt, but the notes were given and received for the simple reason that the defendants at the time could not pay the amounts they had become obligated to pay for the purchase price of the goods. If the promise to pay in the future had been verbal only, as there was no consideration to sustain them the plaintiffs, after .accepting them, would have been at liberty at once to disregard the promises, and commence an action for the recovery of their debt. This was considered .and held to be the law in *Parmelee* v. *Thompson*, 45 N. Y. 58. The authorities were there examined, and the conclusion adopted that such a promise would impose no obligation whatever on the part of the creditor afterwards to delay the collection of the debt included in the promise. And that was .considered to be the legal rule, also, in *Warren* v. *Hodge*, 121 Mass. 106. And the circumstance that the promises in this action were made in writing, and in the form of promissory notes, adds nothing in the way of creating an obligation on the part of the plaintiffs afterwards to extend the time for the payment of the debt. What they were obligated to do by receiving the notes was to produce and surrender them at the trial when the action was brought, as it was prosecuted by them for the recovery of the price of the goods. And . that obligation they complied with, having the notes present when the trial took place, and offering to surrender them to the defendants. The effect of the delivery of notes of this description, under these circumstances, was considered in *Bank* v. *Hunsiker*, 72 N. Y. 252, where it was stated, with the concurrence of all the judges, that the debtor's notes, given on account of a preceding indebtedness, produce no extinguishment of the debt itself, "unless there is an express agreement to accept the new obligation or security as a .satisfaction of the old. One executory agreement is not a satisfaction of another, unless by virtue of some contract between the parties; and this contract cannot be inferred, but must be proved by evidence." Id. 257, 258. And this view of the law was maintained and followed in *Moore* v. *Fitz*, 59 N. H. 572.

In this case, as the evidence was given upon the trial, there was no proof whatever tending to establish the existence of the agreement required by this :statement of the law; and for this reason, as well as the additional fact that there was no consideration whatever for the notes, they were legally inoperative, in the way of extending the time of payment for the debt which was due at the time when they were made and delivered to the plaintiffs. The judgment should therefore be reversed, and a new trial ordered, with costs to the plaintiffs to abide the event. All concur.

---

FULLER *et al.* v. NEGUS *et al.*

(*Supreme Court, General Term, First Department.* January 24, 1890.)

PAYMENT—ACCEPTANCE OF NOTE—EXTENSION OF TIME.

 A note given for a pre-existing indebtedness does not operate to extend the time for payment of the original debt, or suspend the right of action on the same until the maturity of the note, unless there is some agreement to extend the time, or other consideration for the note.

Appeal from circuit court, New York county.

Action by George Fuller and others against William I. Negus and another, to recover for goods sold and delivered. Plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*Arthur Furber*, for appellants.    *William F. MacRae*, for respondents.

DANIELS, J.    The cause of action included in this action, as it was set forth in the complaint, was for goods sold and delivered by the plaintiffs to the defendants between the 1st of September, 1887, and the last day of January, 1888, amounting to and of the value of $7,368.25.    The answer did not deny the sale or delivery of these goods, but by way of defense it stated that the goods were sold on a credit which had not expired at the time of the commencement of the suit.    There was no proof upon the trial that the goods, or any part of them, had been sold or delivered on credit; and without that proof it is to be inferred, from the admissions resulting from the answer, that no credit whatever was allowed upon the sale of the goods.    But evidence was given by one of the plaintiffs, who was called and examined as a witness for the defendants, establishing the fact that seven notes had been given by the defendants for the indebtedness created by the sale of the goods.    These notes were given between the 28th of October, 1887, and the 25th of January, 1888.    Neither of the notes had become due at the time when the suit was commenced.    But this witness, in addition to the fact of the making and delivery of the notes by the defendants, testified that they were not given at the time the sales were made, and they were no part of the agreement of sale.    This evidence was in no manner questioned or contradicted upon the trial.    And it is to be inferred from it, and the statements contained in the complaint and the answer, and the absence of proof to the contrary, that the goods were not sold upon a credit, but that the indebtedness thereby created matured as the sales and deliveries in fact took place; and that these notes were respectively given after the sales had taken place for which they were received, and after the indebtedness in that manner created had matured and become due.    The same grounds have been taken in favor of the direction at the trial for a verdict in favor of the defendants as have been considered in the case of *Graham* v. *Negus*, ante, 679.    The authorities were there considered to entitle the plaintiffs to maintain an action for the purchase price of the goods, notwithstanding the fact that the debtor's notes were afterwards made and delivered to them for the same indebtedness, payable at future periods of time.    That is practically the point upon which the disposition of this case also depends, for there was no agreement entered into between the parties by which the defendants were given an extension of the time for the payment of the indebtedness until the notes should respectively mature.    Neither was there any consideration passing between these parties for which the notes were in fact received by the plaintiffs; and, as the notes were produced and offered to be surrendered upon the trial, that fulfilled the extent of the plaintiffs' legal obligation, and entitled them to recover the amount owing to them upon the sale and delivery of the goods.    The case was disposed of at the trial upon the application of each party for the direction of a verdict, and an exception was taken to the direction of a verdict in favor of the defendants.    This direction, as the facts appeared from the proof, was not supported by the law, and the judgment should be reversed, and a new trial ordered, with costs to the plaintiffs, to abide the event.    All concur.