(50 Misc. Rep. 339)

## SCHULMAN v. BUCHLER.

(Supreme Court, Appellate Term.   April 24, 1906.)

GUARANTY—RELEASE OF GUARANTOR—EXTENSION OF TIME FOR PAYMENT.

> Where defendant guarantied the payment by a buyer for goods sold for a period of one year, and nearly a year later the seller, without defendant's knowledge, took a long series of the buyer's notes for the price, payable at weekly intervals, there was an extension of the term of credit, releasing defendant.
>
> [Ed. Note.—For cases in point, see vol. 25, Cent. Dig: Guaranty, § 67.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Schulman against Louis Buchler.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

David Goldstein, for appellant.

A. I. Gordon, for respondent.

SCOTT, P. J.   The defendant, on September 18, 1903, executed the following written guaranty, upon which this action is brought:

"I, the undersigned, do guaranty the payment of all goods delivered to Mrs. Fanny Shilkin to the amount of one hundred and fifty dollars ($150) for the period of one year, beginning September 18, 1903, to the 18th of September, 1904."

Within the year plaintiff sold to Mrs. Shilkin goods to the amount of $894.96, and rendered her a bill therefor, dated August 29, 1904. The debtor was unable to pay this amount at once, and it was arranged between her and plaintiff that she should give a series of negotiable promissory notes for the amount, in sums of $15 and $25, payable at weekly intervals.   The plaintiff thereupon marked upon the bill the words "Settled by notes—15—25 per week."   Of this arrangement and the giving and acceptance of the notes the defendant had neither notice nor knowledge.   The debtor paid some $540 of her indebtedness, but ceased making payments while she still owed $356.96, and defendant is now sued for $150 upon his guaranty.   The defense is that the acceptance of the debtor's notes for the amount due was a valid and effectual extension of the time of payment, and that such extension, having been granted without the consent of the guarantor, released him.

The case as made by the proofs falls directly within the principle laid down in Shipman v. Kelley, 9 App. Div. 316, 41 N. Y. Supp. 328, a carefully considered and elaborately discussed case.   It is quite true that defendant's guaranty did not specify upon what terms sales were to be made to Mrs. Shilkin, and it was therefore quite competent for plaintiff to sell her upon customary and reasonable credit, without losing the benefit of the guaranty.   D., L. & W. R. R. Co. v. Burkard, 114 N. Y. 197, 21 N. E. 156.   The bill rendered to Mrs. Shilkin and the testimony of plaintiff himself shows that, while the goods were sold on credit, there was no such credit extended at the time of sale, and as part of the terms thereof, as was afterwards extended by the acceptance of the long series of notes.   It is this extension of the original credit which operates

to discharge the surety. We have not overlooked the authorities relied upon by the respondent as holding that the acceptance of time notes from a debtor does not operate to extend his time of payment. Denick v. Hubbard, 27 Hun, 374; Graham v. Negus, 55 Hun, 440, 8 N. Y. Supp. 679; Fuller v. Negus (Sup.) 8 N. Y. Supp. 681. Those cases do not seem to be fully in harmony with the long established rule in this state, and, in so far as they are not in accord with Shipman v. Kelley, supra, they must be deemed to have been overruled by that case.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.